# NO. 12-22-00230-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FRANCISCO BURGOS, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH DISTRICT* |
| | § | *COURT* |
| *V.* | | |
| | § | *SMITH COUNTY, TEXAS* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | | |

## *MEMORANDUM OPINION*

Appellant, Francisco Burgos, Jr., appeals his conviction for aggravated assault with a deadly weapon. In one issue, he challenges the legal sufficiency of the evidence to support his conviction. We affirm.

### BACKGROUND

On the night of October 14, 2020, Rustin Krahmer was on the phone with a friend while pacing about in the driveway of his residence located in Tyler, Texas. Krahmer heard a "shuffling" sound, turned toward the noise, and was struck by a man he had never before seen. The man held a double-sided hexagonal hammer. Krahmer made it inside the house, and his wife, Amina Abdallah, called 911.

Officer Ty Sorrell of the Tyler Police Department was one of the officers who responded to the call. Sorrell spoke to Krahmer, who Sorrell recalled had injuries to his facial area and appeared to be in pain. Krahmer pointed in the direction his assailant went after the attack, and Sorrell, along with three other officers, walked in that direction. Sorrell saw Appellant on the front porch of a house down the street, approximately fifty to sixty yards from Krahmer's residence. Without giving any specific details, Sorrell questioned Appellant about what happened down the street, and Appellant responded, "That guy down there got his ass beat." Appellant then approached Sorrell aggressively, so the officers handcuffed Appellant and Sorrell

read him his *Miranda* rights before continuing the conversation. Appellant said that he heard Krahmer's phone conversation from his front porch and heard Krahmer threatening to rob Appellant's house and murder his mother. Appellant felt he had to "strike first," so he punched Krahmer in the face once. When Sorrell asked if Appellant used any weapons, he stated he carried a "handle" with him during the attack but did not use it and discarded it afterward. Sorrell and the other officers tried to locate the "handle" in the area but did not find any sort of weapon nearby. Police later obtained consent to search the house (except Appellant's room) from Appellant's sister but still did not find the object. Appellant was arrested that night and subsequently indicted for the offense of aggravated assault with a deadly weapon.[1] Appellant pleaded "not guilty," and this matter proceeded to a jury trial.

At trial, Sorrell testified that when he encountered Appellant, Appellant smelled of alcohol and appeared intoxicated. Sorrell did not believe Appellant's story about hearing Krahmer on the phone because Krahmer's residence was too far away. From Appellant's residence, Sorrell could not hear the voices of the officers or EMS personnel who remained at Krahmer's home. Further, nothing in Sorrell's investigation corroborated Appellant's statements regarding Krahmer's alleged threats. Although Sorrell could not definitively say whether a hammer caused Krahmer's injuries, he believed Appellant used an object, rather than a fist, to strike Krahmer's face. Sorrell opined generally that if an individual used a hammer to strike another person in the eye, they would be using the hammer in a way capable of causing death or serious bodily injury. The State introduced Sorrell's body camera footage from the night of October 14 into evidence without objection from Appellant.

Officers Gavin Kirkhart and Clint Jones, also of the Tyler Police Department, testified to similar facts. Both officers responded to the incident at Krahmer's home and accompanied Sorrell to Appellant's residence. Each testified that they saw Krahmer's face and noted that he had a black eye and was bleeding from cuts on his face, which they did not believe could result from a single punch. During the investigation, both officers learned that Appellant and Krahmer had not previously met, as Krahmer only recently moved in.

Abdallah testified that at the time of the assault, she and Krahmer had not lived at their residence very long. On the night of October 14, she saw Krahmer talking on the phone while he walked around the driveway of their home and heard him talking about the couple's recent trip to

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2023).

Africa. Abdallah went outside to ask Krahmer to go to the nearby pharmacy, then reentered the house. Shortly afterward, she received a phone call from the person Krahmer was talking to, and based on that call, opened the door to check on Krahmer. She found him bleeding with his hand over his eye and had to help him walk to the bathroom so he did not fall. She called 911 and reported her husband's injury. An ambulance took Appellant to the hospital that night.

Krahmer testified that on the night of October 14, he was walking around in his driveway while on the phone with a friend, talking about his recent trip to Africa. He heard the shuffling sound of loose gravel moving behind him, turned around, and when he was next aware, he was on the ground. A male stranger stood over him holding a double-headed hammer (similar to a sledgehammer or mallet) and shouting something unintelligible. Krahmer lost awareness again and regained consciousness while in his bathroom; he had a towel pressed to his face and police were outside the door asking to speak to him. He did not remember talking to the police but remembered a paramedic saying he could not find a pulse. Krahmer remembered nothing from that moment to an unspecified time while he was at the hospital. Krahmer identified Appellant as the person who attacked him; he remembered his assailant's gray shirt and haircut and recognized those features on Appellant in the body camera video. Krahmer never met or even saw Appellant before October 14, and during his phone conversation, never spoke about taking Appellant's belongings or killing his mother. Krahmer's injuries from the assault included an orbital fracture, a temporal bone fracture, a black eye, and deep cuts to his face. Three to four weeks passed before Krahmer could open his right eye and he developed farsightedness, which still persisted at the time of trial.

Ultimately, the jury found Appellant "guilty" as charged in the indictment and expressly found that he used or exhibited a deadly weapon during the commission of the assault. Appellant elected to have the trial court, rather than the jury, assess his punishment. The trial court assessed punishment of fifteen years' imprisonment. This appeal followed.

## LEGAL SUFFICIENCY OF EVIDENCE

In his sole issue, Appellant contends that the evidence is insufficient to support a finding beyond a reasonable doubt that he used a deadly weapon (specifically a hammer) to assault Krahmer.

3

## Standard of Review

The standard of review for sufficiency of the evidence is whether any rational finder of fact could have found the appellant guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In reviewing the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks*, 323 S.W.3d at 898–99. The trier of fact is the sole judge of the credibility of the witnesses and can believe all, some, or none of the testimony presented, and a reviewing court affords almost complete deference to a jury's decision when that decision is based upon an evaluation of credibility. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We defer to the trier of fact's resolution of any conflicting inferences raised in the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326, 99 S.Ct. 2781; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense(s) as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

## Applicable Law

A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2023). A person commits aggravated assault with a deadly weapon if he uses or exhibits a deadly weapon during the commission of an assault. *Id.* § 22.02(a)(2) (West 2023). "Deadly weapon" includes anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. *Id.* § 1.07(a)(17)(B) (West 2023). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id.* § 1.07(a)(46).

4

A person "uses" a deadly weapon during the commission of an assault if the deadly weapon was "utilized, employed, or applied in order to achieve its intended result: 'the commission of a felony offense.'" *Safian v. State*, 543 S.W.3d 216, 223 (Tex. Crim. App. 2018) (quoting *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989)). Exhibiting a deadly weapon "only requires that a deadly weapon be consciously shown, displayed, or presented to be viewed during 'the commission of a felony offense.'" *Id.* (quoting *Patterson*, 769 S.W.2d at 941).

**Analysis**

Appellant does not deny that he assaulted Krahmer; that is, Appellant admitted that he intentionally caused bodily injury to Krahmer. Nevertheless, Appellant specifically contests the sufficiency of the evidence to prove his use or exhibition of a deadly weapon during the assault. He contends that because 1) Krahmer testified on cross-examination that he did not see what delivered the initial blow to his face, 2) Appellant denied using a hammer to strike Krahmer, and 3) police never located the hammer (so it was not in evidence), no rational jury could have found beyond a reasonable doubt that Appellant used or exhibited a deadly weapon during the assault.

Despite Appellant's arguments regarding particular evidence that was not presented at trial, we conclude the evidence is sufficient to support the jury's deadly weapon finding. In determining legal sufficiency, the law requires no particular type of evidence. *Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018). A rational jury may find the use or exhibition of a deadly weapon beyond a reasonable doubt even when the weapon was never located and is not in evidence.[2] Krahmer testified at trial that following the initial blow from Appellant, he looked up from his position on the ground to see Appellant standing over him holding a double-headed hammer in his hand. He testified that following the October 14 assault, he suffered fractures to his orbital bone and temporal bone, as well as a black eye which remained swollen for weeks and deep cuts and gouges to his face. He had previously been struck in the eye region by someone's elbow, and the injuries from that blow were less severe than the injuries he received from

---

[2] *See, e.g., Nino v. State*, No. 13-18-00642-CR, 2020 WL 1887761, at *4 (Tex. App.—Corpus Christi Apr. 16, 2020, no pet.) (mem. op., not designated for publication) (knife never found, court stated, "[I]t is not necessary for the weapon to be actually introduced into the evidence in order to support a deadly weapon finding."); *Jarnagin v. State*, No. 01-09-00753-CR, 2010 WL 5186782, at *4 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, pet. ref'd) (mem. op., not designated for publication) (weapon never found, but victim testified assailant used baseball bat and police opined facial fractures consistent with use of deadly weapon); *Barrientos v. State*, No. 03-03-00222-CR, 2004 WL 1468955, at *2 (Tex. App.—Austin July 1, 2004, pet. ref'd) (mem. op., not designated for publication) (knife used to threaten victim of robbery never found, but victim testified about its appearance).

Appellant's assault. The State also introduced photographs of Krahmer's injuries. The jury additionally heard Appellant's statements to police that he had a "handle" with him when he assaulted Krahmer, and that he disposed of the object afterwards (as well as Officer Sorrell's testimony that he believed Appellant to be intoxicated while making those statements). And Officers Sorrell, Kirkhart, and Jones each testified that based on the physical evidence, Krahmer's injuries were consistent with a blow from an object, not a fist. Finally, all three officers testified that using a hammer to strike a person's eye area was use of the hammer in a way capable of causing death or serious bodily injury.

The jury was the sole judge of Krahmer's credibility and the weight to be given his testimony, and we must defer to their determination of same. *Brooks*, 323 S.W.3d at 899. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant used or exhibited a deadly weapon (specifically a hammer) during the commission of the assault. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered June 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2023

NO. 12-22-00230-CR

**FRANCISCO BURGOS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1831-20)

___

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*